UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMADY B. CISSE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>17161 ALVA ROAD OWNERS ASSOCIATION, a nonprofit mutual benefit corporation, COMMUNITY LEGAL ADVISORS, INC., a California corporation, AUDREY C. SMITH, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv2163-GPC(MSB)<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

The case was filed in the San Diego Superior Court on November 28, 2018 with an amended complaint filed on October 8, 2019. (Dkt. Nos. 1, 1-2 Compl.) On November 12, 2019, Defendant Community Legal Advisors, Inc., filed a notice of removal alleging that the Court has subject matter jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1331. (Dkt. No. 1.)

The state court first amended complaint alleges causes of action to quiet title to real property, wrongful foreclosure and violation of U.S. bankruptcy automatic stay, 11 U.S.C. § 362(a). (Dkt. No. 1-2 at 10.) In its notice of removal, Defendant relies on <u>Williams v. PFK Funding Servs., Inc.</u>, Case NO. C18-48 RSM, 2018 WL 3328398, at * 3 (W.D. Wash. 2018) to support the Court's subject matter jurisdiction. However, in <u>Williams</u>, the Court did not specifically hold that it had jurisdiction over violations of the bankruptcy automatic stay but its ruling was influenced by other non-bankruptcy related claims that were subject to the court's subject matter jurisdiction. <u>Id.</u>

In fact, many district courts have held that a claim for violation of a bankruptcy automatic stay under 11 U.S.C. § 362 does not provide a district court with subject matter jurisdiction. Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "[a] Federal District Court does not have original jurisdiction over bankruptcy matters." <u>Park v. Nat'l City Bank of Indiana</u>, Case No. CV 14-1354 SJO(PJWx), 2014 WL 12564360, at *1 (C.D. Cal. Mar. 19, 2014) (quoting <u>Radke v. Holbrook</u>, No. CV 09-01355 GAF, 2010 WL 9010982, at *7 (C.D. Cal. May 11, 2010) (citations omitted)). Instead, the district court has jurisdiction over an appeal of a final judgment or order of the bankruptcy court. <u>See</u> 28 U.S.C. § 158(a)(1) and (3). A claim for violation of the automatic stay "*must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy case." <u>Eastern Equipment and Servs. Corp. v. Factory Point Nat'l Bank, Bennington</u>, 236 F.3d 117, 121 (2d Cir. 2001); <u>see e.g.</u>, <u>MSR Exploration, Ltd. v. Meridian Oil, Inc.</u>, 74 F.3d 914, 916 (9th Cir. 1996) (claim arising from bankruptcy proceeding must be "brought in the bankruptcy court itself, and not as a separate action in the district court"); <u>see also</u> Radke, 2010 WL 9010982, at *7 ("Plaintiff's allegations concerning the violation of the automatic stay in a bankruptcy proceeding must be raised in the Bankruptcy Court. . . A Federal District Court does not have original jurisdiction over bankruptcy matters."); <u>Guancione v. Wachovia Mortg. Corp.</u>, No. 5:10–CV–3166 JF (HRL), 2010 WL 2991728, at *3 (N.D.

| | |
|---|---|
| 1 | Cal. July 28, 2010) ("to the extent that Plaintiff could establish a violation of the |
| 2 | automatic stay, their remedy lies within the jurisdiction of the bankruptcy court"); |
| 3 | <u>Zimmerman v. Bellows</u>, 988 F. Supp. 2d 1026, 1034 (D. Minn. 2013) ("Count V alleges |
| 4 | that Defendants violated the automatic stay, for which Zimmerman seeks relief under 11 |
| 5 | U.S.C. § 362(k). Though no party has raised the issue, the Court determines that it lacks |
| 6 | jurisdiction to consider this claim."); <u>Heghmann v. Town of Rye</u>, 326 F. Supp. 2d 227, |
| 7 | 232–33 (D.N.H. 2004) ("Defendants argue that this court lacks subject matter jurisdiction |
| 8 | over plaintiff's claims arising under 11 U.S.C. § 362(h) for willful violation of the |
| 9 | automatic stay because all such claims must be brought in the bankruptcy court. The |
| 10 | weight of the authority supports the defendants' argument."). |

Accordingly, because the claim for violation of U.S. bankruptcy automatic stay, 11 U.S.C. § 362(a) does not support this Court's jurisdiction, the Court *sua sponte* REMANDS the case to state court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: November 18, 2019

Hon. Gonzalo P. Curiel
United States District Judge